■ In the Matter of DENNIS ZZ., Alleged to be a Juvenile Delinquent, Appellant. JOSEPH J. SLOCUM, as Broome County Attorney, Respondent.—Casey, J. P. Appeal from an amended order of the Family Court of Broome County (Ray, J.), entered May 30, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent admitted certain of the allegations of the petition and, after a dispositional hearing, was placed in the custody of the Division for Youth (hereinafter DFY) for one year. On this appeal, respondent contends that the evidence does not support Family Court's finding that placement with DFY is the least restrictive available alternative that is consistent with the needs and best interests of respondent and the need for protection of the community *(see,* Family Ct Act § 352.2 [2]). According to respondent, the proper disposition would have been placement in the custody of his father, as recommended by the probation officer. In making her recommendation that respondent be placed with his father, however, the probation officer conceded that she was doing so with "skepticism".

The caseworker assigned to respondent's case during the period that respondent was in the custody of the local Department of Social Services, pursuant to a prior order of Family Court, recommended that respondent be placed in an institutional setting. The caseworker based this recommendation upon the lack of success in respondent's earlier placements, first with his father (respondent violated the terms of his probation within a few weeks) and then in a nonsecure facility (respondent ran away shortly after being placed there). The caseworker was of the opinion that respondent required closer

supervision than his father could offer and that the Department would be unable to place respondent in a nonsecure facility. Accordingly, he testified that placement with DFY was appropriate. We are of the view that the record as a whole provides the required preponderance of the evidence to support the disposition ordered by Family Court (see, Family Ct Act § 350.3 [2]). We also find no merit in respondent's claim that Family Court abused its discretion. The order should be affirmed.

Amended order affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.