■ In the Matter of NIKITA P., a Person Alleged to be a Juvenile Delinquent, Appellant. [769 NYS2d 602]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated January 24, 2003, which, upon a fact-finding order of the same court (Pearce, J.), dated December 11, 2002, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged her to be a juvenile delinquent and imposed a conditional discharge for a period of 12 months. The appeal brings up for review the fact-finding order dated December 11, 2002.

Ordered that the order is affirmed, without costs or disbursements.

There is no merit to the appellant's argument that the presentment agency failed to adduce legally sufficient evidence that she committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, and that the Family Court's findings of fact were against the weight of the evidence. The victim recognized the appellant as a fellow Tilden High School student, and identified her as one of a group of girls that attacked her inside the school. We find no basis upon which to overturn the Family Court's determination to resolve any conflict in the testimony adduced at the fact-finding hearing by crediting the testimony offered by the victim (*see Matter of Adonnica L.,* 1 AD3d 599 [2003]; *Matter of Stevenson J.,* 306 AD2d 412 [2003]; *Matter of James B.,* 262 AD2d 480, 481 [1999]). Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Frank C.,* 283 AD2d 643, 643-644 [2001]), we find that it was legally sufficient to support the determination made in the fact-finding order. Moreover, upon the exercise of our factual review power, we are satisfied that the determination was not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The appellant also argues that the Family Court should have adjourned the proceeding in contemplation of dismissal (*see* Family Ct Act § 315.3). We disagree with this argument as well. The appellant in this case committed a type of misconduct that in and of itself supports the conclusion that a conditional release, at the very least, was appropriate (*see Matter of Esmeralda C.,* 309 AD2d 507 [2003]; *Matter of Jude F.,* 291

AD2d 165 [2002]; *Matter of Frank J.,* 261 AD2d 293 [1999]; *Matter of Joseph J.,* 205 AD2d 777 [1994]). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was her first "brush with the law," or in light of the other mitigating circumstances that she cites (*see Matter of Steven R.,* 230 AD2d 745 [1996]; *Matter of Rufino M.,* 168 AD2d 385, 386 [1990]). The imposition of a conditional discharge for a period of 12 months represented a proper balance between "the . . . best interests of the [appellant and] the need for protection of the community" (Family Ct Act § 352.2 [2] [b]; *see generally Matter of Dennis ZZ.,* 159 AD2d 880 [1990]; *cf. Matter of Kyung C.,* 169 AD2d 721 [1991]). Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.