■ In the Matter of JANAY P., a Person Alleged to be a Juvenile Delinquent, Appellant. [783 NYS2d 293]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated November 19, 2003, which, upon a fact-finding order of the same court dated September 5, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, adjudged her to be a juvenile delinquent, and, inter alia, placed her on probation for a period of two years. The appeal brings up for review the fact-finding order dated September 5, 2003.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Nikita P.*, 3 AD3d 499 [2004]), we find that it was legally sufficient to support the determination made in the fact-finding order. Moreover, upon the exercise of our factual review power, we are satisfied that the findings were not against the weight of the evidence (*cf.* CPL 470.15 [5]; *see Matter of George Omar-Saiid C.*, 272 AD2d 399 [2000]).

The Family Court properly adjudged the appellant to be a juvenile delinquent since a preponderance of the evidence supported its determination that the appellant required "supervision, treatment or confinement" (Family Ct Act § 352.1 [1]; *see Matter of Kryzstof K.*, 283 AD2d 431, 432 [2001]). Moreover, the Family Court providently exercised its discretion in placing the appellant on probation. We note that once the Family Court adjudged the appellant to be a juvenile delinquent, as a matter of law, an adjournment in contemplation of dismissal could not have been granted (*see Matter of Edwin L.*, 88 NY2d 593, 600 [1996]). Florio, J.P., Smith, Rivera and Fisher, JJ., concur.