■ In the Matter of Isaiah I., a Person Alleged to be a Juvenile Delinquent, Appellant. [805 NYS2d 630]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Chun, J.), dated November 4, 2004, as, upon a fact-finding order of the same court dated September 29, 2004, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree and attempted robbery in the third degree, adjudged him to be a juvenile delinquent, and imposed a conditional discharge for a period of 12 months. The appeal brings up for review the fact-finding order dated September 29, 2004.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Despite the fact that the term of the appellant's conditional discharge has already expired, there may be collateral consequences resulting from the adjudication of delinquency, and therefore the appeal has not been rendered academic (*see Matter of Ejiro A.,* 268 AD2d 428 [2000]).

Contrary to the appellant's contention on appeal, the Family Court need not have adjourned the proceeding in contemplation of dismissal merely because this was his first "brush with the law" (*see Matter of Gerald W.,* 12 AD3d 522, 523 [2004]; *Matter of Nikita P.,* 3 AD3d 499, 501 [2004]). In light of the nature of the offense which the appellant committed, the Family Court's imposition of a conditional discharge for a period of 12 months constituted a proper balance between the best interests of the appellant and the needs of the community (*see* Family Ct Act § 352.2; *Matter of Gerald W., supra*; *Matter of Nikita P., supra*; *Matter of Sambit M.,* 277 AD2d 29 [2000]). Schmidt, J.P., S. Miller, Santucci and Spolzino, JJ., concur.