In the Matter of NATASHA G., a Person Alleged to be a Juvenile Delinquent, Appellant. [937 NYS2d 616]

Despite the fact that the term of the appellant's probation has already expired, there may be collateral consequences resulting from the adjudication of delinquency and, therefore, the appeal has not been rendered academic (*see Matter of Tafari M.*,

90 AD3d 1052 [2011]; *Matter of Isaiah I.*, 23 AD3d 469 [2005]; *Matter of Ejiro A.*, 268 AD2d 428 [2000]; *see also* Family Ct Act § 381.2 [2]).

Contrary to the appellant's contention, the Family Court providently exercised its discretion in adjudicating her a juvenile delinquent and directing a 12-month period of probation instead of giving her an adjournment in contemplation of dismissal (*see* Family Ct Act § 315.3). In juvenile delinquency proceedings, the Family Court has broad discretion in determining the proper disposition (*see Matter of Antoine H.*, 81 AD3d 646 [2011]; *Matter of Eunique B.*, 73 AD3d 764 [2010]). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was her first encounter with the law, or in light of the other mitigating circumstances that she cites (*see Matter of Liston J.*, 81 AD3d 648, 648 [2011]). The record establishes that the Family Court's imposition of probation was the least restrictive alternative consistent with the appellant's best interests and the need for protection of the community (*see* Family Ct Act § 352.2 [2] [a]). Balkin, J.P., Leventhal, Belen and Roman, JJ., concur. **[Prior Case History: 29 Misc 3d 1228(A), 2010 NY Slip Op 52080(U).]**