In the Matter of Richard H., Appellant. [952 NYS2d 457]—

Despite the fact that the term of the appellant's probation has already expired, there may be collateral consequences result-

ing from the adjudication of delinquency and, therefore, the appeal from so much of the order of disposition as adjudged the appellant to be a juvenile delinquent has not been rendered academic (*see Matter of Natasha G.*, 91 AD3d 948 [2012]; *Matter of Tafari M.*, 90 AD3d 1052 [2011]; *Matter of Ejiro A.*, 268 AD2d 428, 428 [2000]).

Contrary to the appellant's contention, the Family Court properly adjudged him to be a juvenile delinquent, since a preponderance of the evidence supported its determination that he required "supervision, treatment or confinement" (Family Ct Act § 352.1 [1]; *see Matter of Janay P.*, 11 AD3d 697 [2004]; *Matter of Kryzstof K.*, 283 AD2d 431, 432 [2001]).

The order of protection expired by its own terms on September 6, 2012, and the determination of the appeal from that order of protection would, under the facts of this case, have no direct effect upon the parties (*see Matter of Max F. [Emma F.-G.]*, 97 AD3d 816, 817 [2012]; *Matter of Claudia G. [Ermelio G.]*, 71 AD3d 894, 895 [2010]; *Matter of Brittany C. [Linda C.]*, 67 AD3d 788, 789-790 [2009]). Accordingly, the appeal from the order of protection must be dismissed as academic. Rivera, J.P., Chambers, Hall and Roman, JJ., concur.