In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Ashanti D. appeals from an order of disposition of the Family Court, Richmond County (Sacco, J.), dated February 6, 2012, which, upon a fact-finding order of the same court dated January 5, 2012, made upon her admission, finding that she had committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged her to be a juvenile delinquent, and placed her on probation under the supervision of the Probation Department of the County of Richmond for a period of seven months.
Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of seven months is dismissed, without costs or disbursements, as that period has expired; and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
Despite the fact that the term of the appellant’s probation has already expired, there may be collateral consequences resulting from the adjudication of delinquency and, therefore, the appeal from the portion of the order of disposition that adjudged the appellant to be a juvenile delinquent has not been rendered academic (see Matter of Natasha G., 91 AD3d 948, 949 [2012]; Matter of Tafari M., 90 AD3d 1052 [2011]; Matter of Isaiah I., 23 AD3d 469 [2005]; see also Family Ct Act § 381.2 [2]).
The Family Court providently exercised its broad discretion in adjudicating the appellant a juvenile delinquent and directing a seven-month period of probation instead of granting the appellant an adjournment in contemplation of dismissal (see Family Ct Act § 315.3; see also Matter of Antoine H., 81 AD3d 646 *887 [2011]; Matter of Eunique B., 73 AD3d 764 [2010]). The appellant was not entitled to an adjournment in contemplation of dismissal merely because she had no previous encounters with the law, or in light of the other mitigating circumstances that she cites (see Matter of Liston J., 81 AD3d 648, 648 [2011]). The record establishes that the Family Court’s imposition of probation was the least restrictive alternative consistent with the appellant’s best interests and the need for protection of the community (see Family Ct Act 352.2 [2] [a]; Matter of Natasha G., 91 AD3d 948, 949 [2012]; Matter of Liston J., 81 AD3d at 649). Dillon, J.B, Austin, Sgroi and Cohen, JJ., concur.