■ In the Matter of ANTWAINE T., Appellant. [962 NYS2d 684]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Antwaine T. appeals from an order of disposition of the Family Court, Kings County (Olshansky, J.), dated April 17, 2012, which, upon his admission that he committed an act which constituted the crime of possession of weapons by persons under sixteen, upon a prior order of disposition of the same court (Toussaint, J.), dated October 28, 2011, adjudging him to be a juvenile delinquent and placing him on a period of enhanced probation of nine months, and upon a finding that he violated the terms and conditions of the order of disposition dated October 28, 2011, vacated the order of disposition dated October 28, 2011, adjudged him to be a juvenile delinquent, and placed him on probation for a period of six months.

Ordered that on the Court's own motion, the notice of appeal from the order of disposition dated October 28, 2011, is deemed to be a premature notice of appeal from the order of disposition dated April 17, 2012 (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeal from so much of the order of disposition dated April 17, 2012, as placed the appellant on probation for a period of six months is dismissed, without costs or disbursements, as that period has expired; and it is further,

Ordered that the order of disposition dated April 17, 2012, is

reversed insofar as reviewed, on the law, without costs or disbursements, the petition is dismissed, and the matter is remitted to the Family Court, Kings County, for further proceedings pursuant to Family Court Act § 375.1.

Despite the fact that the term of the appellant's probation has already expired, there may be collateral consequences resulting from the adjudication of delinquency and, therefore, the appeal from the portion of the order of disposition that adjudged the appellant to be a juvenile delinquent has not been rendered academic (see *Matter of Natasha G.*, 91 AD3d 948, 949 [2012]; *Matter of Tafari M.*, 90 AD3d 1052 [2011]; *Matter of Isaiah I.*, 23 AD3d 469 [2005]; see also Family Ct Act § 381.2 [2]).

"[T]he juvenile delinquency petition is the sole instrument for the commencement, prosecution and adjudication of the juvenile delinquency proceeding and, therefore, must comport with the statutory jurisdictional requisites of the Family Court Act" (*Matter of Neftali D.*, 85 NY2d 631, 635 [1995]). Such a petition is "sufficient on its face" when, inter alia, "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged" (Family Ct Act § 311.2 [3]; see *Matter of Jahron S.*, 79 NY2d 632, 635-636 [1992]). The lack of nonhearsay allegations as to every element of the charged act in accordance with Family Court Act § 311.2 (3) is a nonwaivable jurisdictional defect, which requires dismissal of the petition (see *Matter of Jahron S.*, 79 NY2d at 637; *Matter of Matthew W.*, 48 AD3d 587 [2008]; *Matter of Michael M.*, 3 NY3d 441, 448 [2004]).

Here, the appellant admitted to committing acts which constituted the crime of possession of weapons by persons under 16, in that he possessed a "dangerous knife" (Penal Law § 265.05). However, as the appellant correctly contends, the petition was facially insufficient to support that charge because it did not contain allegations which, if true, would have established that the knife he possessed was a "dangerous knife" (Penal Law § 265.05). The supporting deposition merely described the unmodified, utilitarian knife which the appellant possessed, and contained no allegations as to the "circumstances of its possession," so as to "permit a finding that on the occasion of its possession it was essentially a weapon rather than a utensil" (*Matter of Jamie D.*, 59 NY2d 589, 593 [1983]; see *Matter of Edwin O.*, 91 AD3d 654 [2012]). Accordingly, the order of disposition must be reversed insofar as reviewed, and the petition dismissed (see *Matter of Edwin O.*, 91 AD3d at 655). Skelos, J.P., Angiolillo, Roman and Cohen, JJ., concur.