Matter of Joshua G. (2020 NY Slip Op 04163)





Matter of Joshua G.


2020 NY Slip Op 04163


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2018-12377
 (Docket No. D-10567-17)

[*1]In the Matter of Joshua G. (Anonymous).


Janet E. Sabel, New York, NY (Dawne A. Mitchell and Raymond E. Rogers of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Deborah E. Wassel of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Joshua G. appeals from a second amended order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated October 17, 2018. The second amended order of disposition adjudicated Joshua G. a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review an order of fact-finding of the same court dated May 22, 2018, which, after a hearing, determined that Joshua G. committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree (two counts) and menacing in the third degree (two counts).
ORDERED that the second amended order of disposition is affirmed, without costs or disbursements.
By petition dated April 28, 2017, the presentment agency alleged that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree (two counts) and menacing in the third degree (two counts). After a fact-finding hearing, the Family Court found beyond a reasonable doubt that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree (two counts) and menacing in the third degree (two counts). The court thereupon adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 18 months.
"[T]he evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt" (Matter of Darnell G., 125 AD3d 969, 969 [internal quotation marks omitted]; see Family Ct Act § 342.2[2]; Matter of Brandon V., 133 AD3d 769). Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree (two counts) and menacing in the third degree (two counts) based on a theory of accomplice liability. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Brandon V., 133 AD3d at 769), we accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Darnell G., 125 AD3d 969; Matter of Clarissa [*2]S., 83 AD3d 1083). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence.
The Family Court has broad discretion in determining the proper disposition in a juvenile delinquency proceeding (see Family Ct Act § 141; Matter of Yaakov K., 162 AD3d 1028, 1028; Matter of Tafari M., 90 AD3d 1052, 1053; Matter of Cooper C., 81 AD3d 643, 644; Matter of Gustav D., 79 AD3d 868, 869), and its determination is accorded great deference (see Matter of Shalar N., 162 AD3d 882, 883; Matter of Tyriwali B., 106 AD3d 1082). Contrary to the appellant's contention, the Family Court providently exercised its discretion in adjudicating him a juvenile delinquent and placing him on probation instead of directing an adjournment in contemplation of dismissal (see Family Ct Act §§ 315.3, 352.1, 352.2; Matter of Sheala H., 156 AD3d 882, 883; Matter of Tyriwali B., 106 AD3d at 1082-1083; Matter of Natasha G., 91 AD3d 948, 949). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was his first encounter with the law, or in light of the other mitigating circumstances that he cites (see Matter of Ashanti D., 100 AD3d 886; Matter of Natasha G., 91 AD3d at 949; Matter of Tafari M., 90 AD3d at 1053). The record establishes that the imposition of probation was the least restrictive alternative consistent with the appellant's best interests and the need for protection of the community (see Family Ct Act § 352.2[2][a]).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court