Matter of Javon J. (2023 NY Slip Op 06250)

Matter of Javon J.

2023 NY Slip Op 06250

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-07521
 (Docket No. D-1817-22)

[*1]In the Matter of Javon J. (Anonymous), appellant.

Gloria Marchetti-Bruck, White Plains, NY, for appellant.
Richard B. Golden, County Attorney, Goshen, NY (David S. Meffert of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Javon J. appeals from an amended order of disposition of the Family Court, Orange County (Lori Currier Woods, J.), dated August 22, 2022. The amended order of disposition, upon an order of fact-finding of the Family Court, Ulster County (Anthony McGinty, J.), dated April 22, 2022, made upon the admission of Javon J., finding that he committed an act which, if committed by an adult, would have constituted the crime of arson in the fourth degree, and after a dispositional hearing, adjudicated him a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for placement in a secure facility for a period of 18 months, less time spent in detention pending disposition.
ORDERED that the amended order of disposition is affirmed, without costs or disbursements.
The appellant admitted to committing an act which, if committed by an adult, would have constituted the crime of arson in the fourth degree. After a dispositional hearing, the Family Court adjudicated the appellant a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for placement in a secure facility for a period of 18 months, less time spent in detention pending disposition.
The Family Court has broad discretion in entering dispositional orders (see Matter of Brandon S., 169 AD3d 1047, 1048). Here, the Family Court carefully considered alternatives to the appellant's placement, consistent with his best interests and the need for the protection of the community, and, given the information disclosed and the recommendations included in the pre-disposition investigation report and the risk assessment instrument, the court providently exercised its discretion in directing the appellant's placement in a secure facility (see Family Ct Act § 352.2; Matter of Katherine W., 62 NY2d 947, 948; Matter of Jovan B., 151 AD3d 842).
The appellant's remaining contention is without merit.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court