Matter of Adam D. (2024 NY Slip Op 01920)

Matter of Adam D.

2024 NY Slip Op 01920

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2023-05246
 (Docket No. D-4164-22)

[*1]In the Matter of Adam D. (Anonymous), appellant.

Robert M. Rametta, Goshen, NY, for appellant.
Richard B. Golden, County Attorney, Goshen, NY (David S. Meffert of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Adam D. appeals from an order of disposition of the Family Court, Orange County (Carol S. Klein, J.), dated May 23, 2023. The order of disposition, upon an order of fact-finding of the Family Court, Westchester County (Wayne Humphrey, J.), dated September 9, 2022, made upon the admission of Adam D., finding that he committed an act which, if committed by an adult, would have constituted the crime of burglary in the third degree, and after a dispositional hearing, adjudicated him a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for placement in a facility for a period of 12 months, less time spent in detention pending disposition.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The appellant admitted to committing an act which, if committed by an adult, would have constituted the crime of burglary in the third degree. After a dispositional hearing, the Family Court adjudicated the appellant a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for placement in a facility for a period of 12 months, less time spent in detention pending disposition.
"The Family Court has broad discretion in determining the proper disposition in a juvenile delinquency proceeding, and its determination is accorded great deference" (Matter of Shalar N., 162 AD3d 882, 883; see Matter of Joshua G., 185 AD3d 924, 925-926). Here, contrary to the appellant's contention, the Family Court providently exercised its discretion in placing him in the custody of the New York State Office of Children and Family Services for placement in a facility for a period of 12 months, less the period he spent in detention pending disposition (see Matter of Javon J., 222 AD3d 646, 647). The record establishes that this disposition was the least restrictive alternative consistent with the best interests of the appellant and the needs of the community (see Family Ct Act § 352.2[2][a]), particularly in light of his outstanding behavioral issues, his repeatedly running away from his residential juvenile facility, and the information disclosed in the pre-disposition investigation report (see id.; Matter of Jovan B., 151 AD3d 842; Matter of Ryan G., 112 AD3d 712, 713).
The appellant's remaining contention is without merit.
CONNOLLY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court