■ In the Matter of JOHN D., a Person Alleged to be a Juvenile Delinquent, Appellant. — Order of disposition of the Family Court, Bronx County (Matthews, J.), entered on March 17, 1981, which, after a fact-finding hearing, determined that appellant committed acts which, if committed by an adult would constitute the crime of sexual abuse in the second degree, adjudicated him a juvenile delinquent and placed him with the Division of Youth for a one-year custody is unanimously modified, on the law and the facts, by determining that the appellant committed acts which, if committed by an adult would constitute the crime of sexual abuse in the third degree and, as modified, is affirmed, without costs. The hearing court found that the crimes of rape in the first degree (Penal Law, § 130.35, subd 1) and sodomy in the first degree (Penal Law, § 130.50, subd 1) initially charged in a juvenile delinquency petition arising out of a sexual attack upon a 12-year-old girl were not proved beyond a reasonable doubt. The court further found that the appellant "submitted this child to a sexual act under circumstances far below that which would amount to either rape or sodomy". He concluded however that the evidence established the appellant's guilt of sexual abuse in the second degree, apparently perceived as a lesser included offense of the rape and sodomy charges, and adjudicated appellant a juvenile delinquent based upon that finding. Sexual abuse in the second degree is defined in section 130.60 of the Penal Law as subjecting another person to "sexual contact" (i.e., the touching of sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire when the other person is less than 14 years old). To the extent that the hearing court considered this offense to be a lesser included offense of the crimes of rape in the first degree (sexual intercourse by forcible compulsion) or sodomy in the first degree (deviate sexual intercourse by forcible compulsion) it erred. It is only when it is impossible to commit a particular crime without concomitantly committing by the same conduct another offense of lesser grade or degree that the latter offense is with respect to the former a " '[l]esser included offense' ". (CPL 1:20, subd 37.) If an additional element of fact must be shown to establish the lesser crime, then that lesser crime is not a lesser included offense. Where lack of consent in respect to a sex crime results

only from nonage, such crime is not a lesser included offense of one in which lack of consent results from forcible compulsion. (*People v Mott,* 77 AD2d 606; cf. *People v Pawley,* 71 AD2d 307, 312.) Significantly, the People have conceded in their brief that sexual abuse in the second degree, involving as it does lack of consent predicated upon the victim being less than 14 years of age, is not a lesser included offense of either rape in the first degree or sodomy in the first degree where lack of consent is predicated upon forcible compulsion. The fact that no timely objection was taken to the court's finding is of no moment, since the error is of jurisdictional dimensions and cannot be waived. The court does not have subject matter jurisdiction over a defendant who is not guilty of the crimes charged in the indictment or any lesser included offenses. The court below, in effect, amended the delinquency petition (indictment) in violation of CPL 200.70 since no notice was given of this amendment and the amendment changed the theory of the prosecution. The court below found that penetration was not proved beyond a reasonable doubt. It also found that there was no evidence of force other than the appellant's taking of the victim's arm as he directed her to cross the street. Apparently overlooked, however, was the evidence that the appellant ordered the victim to take off her coat and zip down her pants, which she did and he said to her "Better not scream. I will punch you in your face." Additionally, a resident of the building in which the acts occurred testified that as she walked by the stairs she heard a commotion and heard someone crying. She testified that she yelled out, saw someone running down the stairs pulling up the zipper of his pants, but because the lighting was bad she could not identify the person who ran past. The victim was crying at that time. It is clear therefore that there was sufficient evidence of force to warrant finding, beyond a reasonable doubt, that the victim's lack of consent resulted from forcible compulsion rather than nonage. The medical evidence adduced demonstrated beyond a reasonable doubt that there was sexual contact between the appellant and the victim, without her consent. The acts committed by the appellant, therefore, if committed by an adult, would constitute the crime of sexual abuse in the third degree, which to the extent here relevant is defined in section 130.55 of the Penal Law as subjecting "another person to sexual contact without the latter's consent". We have examined the other contentions raised by the defendant on appeal and find them meritless. Concur — Kupferman, J. P., Carro, Asch, Milonas and Alexander, JJ.