■ In the Matter of JOHN M.P., a Person Alleged to be a Juvenile Delinquent, Appellant. [864 NYS2d 550]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Orange County (Currier-Woods, J.), dated October 30, 2007, which, upon a fact-finding order of the same court dated May 22, 2007, made after a hearing, finding that the appellant committed an act which, if committed by an adult,

would have constituted the crime of sexual abuse in the second degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of two years. The appeal brings up for review the fact-finding order dated May 22, 2007.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see Matter of James G.,* 309 AD2d 935, 936 [2003]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish that the appellant committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree (*see* Penal Law § 130.60 [2]). Under Penal Law § 130.60 (2), "[a] person is guilty of sexual abuse in the second degree when he or she subjects another person to sexual contact and when such other person is . . . [l]ess than fourteen years old." Contrary to the appellant's contention, sexual abuse in the second degree under Penal Law § 130.60 (2) does not include an element of forcible compulsion (*see Matter of Rony D.,* 34 AD3d 801 [2006]; *Matter of Kerlyn T.,* 252 AD2d 557, 558 [1998]; *see also People v Hughes,* 220 AD2d 529, 531 [1995]; *Matter of John D.,* 91 AD2d 962, 963 [1983]). Moreover, upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the Family Court's determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero,* 7 NY3d 633, 644-645 [2006]).

The appellant contends that he was denied meaningful representation when, on the first day of the fact-finding hearing, the court refused to grant an adjournment to his attorney, who was ill. However, contrary to the appellant's contention, there is nothing in the record to suggest that "counsel's condition affected [her] performance at the trial" (*People v Morehouse,* 5 AD3d 925, 927 [2004]; *People v Badia,* 159 AD2d 577, 578 [1990]). Moreover, viewing the record as a whole (*see People v Henry,* 95 NY2d 563, 566 [2000]; *People v Rivera,* 49 AD3d 783, 783-784 [2008]), the appellant was afforded meaningful representation (*see People v Benevento,* 91 NY2d 708, 714 [1998]).

Contrary to the appellant's contention, he is not entitled to dismissal of the petition in the furtherance of justice (*see* Family Ct Act § 315.2 [1]; *Matter of Kerlyn T.,* 252 AD2d at 558). The appellant engaged in the very conduct proscribed by Penal Law § 130.60 (2) in that he subjected another person less than 14 years old to sexual contact.

The appellant's remaining contentions are without merit. Spolzino, J.P., Dillon, Dickerson and Eng, JJ., concur.