■ In the Matter of NIGEL H., a Person Alleged to be a Juvenile Delinquent, Appellant. [26 NYS3d 301]—

Appeal from an order of disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated January 9, 2015. The order of disposition, after a hearing, adjudged Nigel H. to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review an order of fact-finding of that court dated June 24, 2014, made upon Nigel H.'s admission, finding that he committed an act which, if committed by an adult, would have constituted the crime of arson in the fifth degree.

Ordered that the order of disposition is reversed, as a matter of discretion in the interest of justice, without costs or disbursements, the order of fact-finding is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance with Family Court Act § 375.1.

Nigel H., who was 13 years old at the time of the underlying offense, admitted that on February 5, 2014, he committed an act which, if committed by an adult, would have constituted the crime of arson in the fifth degree, a misdemeanor (Penal

Law § 150.01). An honor student, Nigel H. had no prior criminal history and no problems in his foster home or at school, notwithstanding prior physical abuse and neglect by his biological parents. There is no indication that Nigel H. ever used drugs or alcohol, or was affiliated with a gang. By all accounts, Nigel H. is a friendly, cooperative young man. Both his therapist and a fire marshal who conducted an intervention after the incident described him as remorseful and at low risk for reoffending, and Nigel H. continues to receive services and monitoring in connection with his foster placement.

At the dispositional hearing, Nigel H. requested an adjournment of the proceeding in contemplation of dismissal pursuant to Family Court Act § 315.3 (1). The Family Court denied the request, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 12 months. Nigel H. appeals.

Despite the fact that the term of the probation has already expired, there may be collateral consequences resulting from the adjudication of delinquency and, therefore, the appeal has not been rendered academic (*see Matter of Natasha G.*, 91 AD3d 948, 949 [2012]; *Matter of Tafari M.*, 90 AD3d 1052, 1052 [2011]; *see also* Family Ct Act § 381.2 [2]).

The Family Court was required to impose the least restrictive available alternative consistent with the needs and best interests of Nigel H. and the need for protection of the community (*see* Family Ct Act § 352.2 [2] [a]). This "least restrictive available alternative" requirement compels the Family Court to balance the needs of the juvenile and the need for the protection of the community (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Pedro A.*, 34 AD3d 461, 461-462 [2006]).

Upon a finding that Nigel H. committed an act which would constitute a misdemeanor if committed by an adult, the least restrictive dispositional alternative available to the Family Court in this juvenile delinquency proceeding was the imposition of an adjournment in contemplation of dismissal. Family Court Act § 315.3 (1) provides, in relevant part, that "[a]n adjournment in contemplation of dismissal is an adjournment of the proceeding, for a period not to exceed six months, with a view to ultimate dismissal of the petition in furtherance of justice." Permissible terms and conditions of an adjournment in contemplation of dismissal may include "supervision by the probation service" (Family Ct Act § 315.3 [2]).

"The Family Court has broad discretion in determining whether to adjourn a proceeding in contemplation of dismissal" (*Matter of Jonathan M.*, 107 AD3d 805, 806 [2013]). Although a juvenile is not entitled to an adjournment in contemplation of

dismissal merely because this was his or her "first brush with the law" (*Matter of Melissa B.*, 49 AD3d 536, 537 [2008]; *see Matter of Jesus S.*, 104 AD3d 694, 695 [2013]), a juvenile's particular circumstances—including his or her criminal and disciplinary history, history of drug or alcohol use, association with gang activity, academic and school attendance history, and ability to accept responsibility for his or her acts—are nevertheless relevant to a court's discretionary determination of whether or not to adjourn a proceeding in contemplation of dismissal, as are the consideration of the seriousness of the underlying offense and the extent to which the juvenile is adequately supervised by his or her parent or guardian (*see Matter of Jonathan M.*, 107 AD3d at 807).

Here, the Family Court improvidently exercised its discretion in imposing a period of probation. Given Nigel H.'s many positive characteristics, his lack of prior criminal or behavioral issues, the services and support he is already receiving as a result of his placement in foster care, and the minimal risk that he poses to the community, an adjournment in contemplation of dismissal was warranted (*see* Family Ct Act § 315.3 [1]; *Matter of Jonathan M.*, 107 AD3d at 807; *Matter of Teriyana A. Mc.*, 100 AD3d 902, 902 [2012]; *Matter of Tyvan B.*, 84 AD3d 462, 462 [2011]).

As the period of probation has expired, in the exercise of our interest of justice jurisdiction, we dismiss the petition (*see Matter of Tyttus D.*, 107 AD3d 404, 404 [2013]) and remit the matter to the Family Court, Kings County, for further proceedings in accordance with Family Court Act § 375.1. Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.