Appeal from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated November 16, 2016. The order of disposition adjudicated Sheala H. a juvenile delinquent, upon an order of fact-finding of that court dated September 15, 2016, made upon her admission, finding that she had committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree, and placed her on probation for a period of 12 months.
 

 Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
 

 Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
 

 In this juvenile delinquency proceeding, the petition charged the appellant with acts which, if committed by an adult, would have constituted the crimes of assault in the second degree, criminal possession of a weapon in the fourth degree, menacing in the second degree, and menacing in the third degree. In full satisfaction of the petition, the appellant admitted to assault in the third degree, a lesser included offense of the top count. After a dispositional hearing, the appellant was adjudicated a juvenile delinquent and placed on probation for a period of 12 months.
 

 The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of probation has expired (see Matter of Jonathan E., 119 AD3d 943 [2014]). However, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic, as there may be collateral consequences resulting from the adjudication of delinquency (see Matter of Nigel H., 136 AD3d 1033, 1034 [2016]; Matter of Tafari M., 90 AJD3d 1052, 1052 [2011]).
 

 Contrary to the appellant’s contention, the Family Court providently exercised its discretion in denying her request for an adjournment in contemplation of dismissal and, instead, adjudicating her a juvenile delinquent and directing that she be placed on probation (see Family Ct Act §§ 315.3, 352.1, 352.2; Matter of Damien S., 124 AD3d 667 [2015]; Matter of Tyriwali B., 106 AD3d 1082 [2013]). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was her first encounter with the law, or in light of the other mitigating circumstances that she cites (see Matter of Brian N., 133 AD3d 665 [2015]; Matter of Jesus S., 104 AD3d 694 [2013]). The disposition was appropriate in light of the violent nature of the offense, the probation department’s recommendation, the appellant’s failure to take full responsibility for her actions, and her lack of expressed remorse (see Matter of Tyriwali B., 106 AD3d at 1083; Matter of Thomas D., 50 AD3d 897 [2008]).
 

 Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.