Matter of Dasean M. (2019 NY Slip Op 01763)





Matter of Dasean M.


2019 NY Slip Op 01763


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-07713
 (Docket No. D-7056-18)

[*1]In the Matter of Dasean M. (Anonymous), appellant.


Janet E. Sabel, New York, NY (Dawne A. Mitchell and Raymond E. Rogers of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Kevin Osowski of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 3, Dasean M. appeals from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated June 20, 2018. The order of disposition, upon an order of fact-finding of the same court dated April 23, 2018, made upon his admission, finding that Dasean M. committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudicated Dasean M. a juvenile delinquent and placed him on probation for a period of six months.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
By petition dated March 19, 2018, the presentment agency alleged that Dasean M., inter alia, committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree. At a fact-finding hearing, Dasean admitted to committing such an act. Dasean requested that the Family Court grant him an adjournment in contemplation of dismissal. In an order of disposition dated June 20, 2018, the court denied this request, adjudicated Dasean a juvenile delinquent, and placed him on probation for a period of six months. Dasean appeals.
Despite the fact that the term of probation has already expired, there may be collateral consequences resulting from the adjudication of delinquency and, therefore, the appeal has not been rendered academic (see Matter of Nijuel J., ___ AD3d ___, 2019 NY Slip Op 00876 [2d Dept 2019]).
Upon the conclusion of a juvenile's dispositional hearing, the Family Court shall enter an order of disposition imposing "the least restrictive available alternative . . . which is consistent with the needs and best interests of the respondent and the need for protection of the community" (Family Ct Act § 352.2[2][a]). The dispositional alternatives include placing the juvenile on probation (see Family Ct Act § 352.2[1][b]). Alternatively, "at any time prior to the entering of a finding," the court may order an adjournment in contemplation of dismissal, which "is an adjournment of the proceeding, for a period not to exceed six months, with a view to ultimate [*2]dismissal of the petition in furtherance of justice" (Family Ct Act § 315.3[1]).
"The Family Court has broad discretion in determining whether to adjourn a proceeding in contemplation of dismissal" (Matter of Nigel H., 136 AD3d 1033, 1034 [internal quotation marks omitted]). "Although a juvenile is not entitled to an adjournment in contemplation of dismissal merely because this was his or her first brush with the law, a juvenile's particular circumstances—including his or her criminal and disciplinary history, history of drug or alcohol use, association with gang activity, academic and school attendance history, and ability to accept responsibility for his or her acts—are nevertheless relevant to a court's discretionary determination of whether or not to adjourn a proceeding in contemplation of dismissal, as are the consideration of the seriousness of the underlying offense and the extent to which the juvenile is adequately supervised by his or her parent or guardian" (id. at 1034-1035 [citations and internal quotation marks omitted]. "[A]ny recommendations made in a probation or mental health report" are also relevant to the court's decision of whether to adjourn a proceeding in contemplation of dismissal (Matter of Jonathan M., 107 AD3d 805, 807).
Here, the Family Court providently exercised its discretion in placing Dasean on probation for a period of six months (see Matter of Nigel H., 136 AD3d at 1034).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court