Matter of MoQuease J. M. (2019 NY Slip Op 04945)





Matter of MoQuease J. M.


2019 NY Slip Op 04945


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-09165
 (Docket No. D-09134-18)

[*1]In the Matter of MoQuease J. M. (Anonymous), appellant.


Heath J. Goldstein, Jamaica, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Rebecca L. Visgaitis of counsel; Matthew Stupp on the brief), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 3, MoQuease J. M. appeals from an order of disposition of the Family Court, Queens County (Stephen Bogacz, J.), dated July 18, 2018. The order of disposition adjudicated MoQuease J. M. a juvenile delinquent and placed him on probation for a period of 12 months.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner alleged that MoQuease J. M. (hereinafter the appellant) committed an act which, if committed by an adult, would have constituted the misdemeanor of unauthorized use of a vehicle in the third degree. The appellant admitted to committing such an act, and requested that the Family Court grant him an adjournment in contemplation of dismissal (hereinafter ACD). The court denied this request, adjudicated the appellant a juvenile delinquent, and placed him on probation for a period of 12 months.
Upon the conclusion of a juvenile's dispositional hearing, the Family Court is required to enter an order of disposition imposing "the least restrictive available alternative . . . which is consistent with the needs and best interests of the respondent and the need for protection of the community" (Family Ct Act § 352.2[2][a]). The dispositional alternatives include, inter alia, placing the juvenile on probation (see Family Ct Act § 352.2[1][b]). Alternatively, "at any time prior to the entering of a finding," the court may order an ACD, which "is an adjournment of the proceeding, for a period not to exceed six months, with a view to ultimate dismissal of the petition in furtherance of justice" (Family Ct Act § 315.3[1]).
"The Family Court has broad discretion in determining whether to adjourn a proceeding in contemplation of dismissal" (Matter of Nigel H., 136 AD3d 1033, 1034 [internal quotation marks omitted]). "Although a juvenile is not entitled to an adjournment in contemplation of dismissal merely because this was his or her first brush with the law, a juvenile's particular circumstances—including his or her criminal and disciplinary history, history of drug or alcohol use, association with gang activity, academic and school attendance history, and ability to accept responsibility for his or her acts—are nevertheless relevant to a court's discretionary determination [*2]of whether or not to adjourn a proceeding in contemplation of dismissal, as are the consideration of the seriousness of the underlying offense and the extent to which the juvenile is adequately supervised by his or her parent or guardian" (id. at 1034-1035 [citations and internal quotation marks omitted]). "[A]ny recommendations made in a probation or mental health report" are also relevant to the court's decision as to whether to adjourn a proceeding in contemplation of dismissal (Matter of Jonathan M., 107 AD3d 805, 807).
Here, the Family Court providently exercised its discretion in denying the appellant's request for an ACD (see Matter of Dasean M., 170 AD3d 839; Matter of Nigel H., 136 AD3d at 1034). The Family Court's disposition was appropriate in light of, among other things, the nature of the offense; the probation officer's recommendation; the appellant's poor attendance, performance, and behavior at school; and the appellant's minimization of his role in the offense (see Family Ct Act § 352.2[2][a]; Matter of Daniel M., 168 AD3d 850; Matter of Andrews, 165 AD3d 676, 677).
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court