Matter of Anthony J. (2020 NY Slip Op 03011)





Matter of Anthony J.


2020 NY Slip Op 03011


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-07735
 (Docket No. D-5922-19)

[*1]In the Matter of Anthony J. (Anonymous), appellant.


Laurette D. Mulry, Central Islip, NY (Yinping Liang Jung and John B. Belmonte of counsel), for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (James G. Bernet of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Anthony J. appeals from an amended order of fact-finding and disposition of the Family Court, Suffolk County (Paul M. Hensley, J.), dated July 1, 2019. The amended order of fact-finding and disposition, made upon his admission, found that Anthony J. committed an act which, if committed by an adult, would have constituted the crime of petit larceny, and upon, in effect, the denial of his application pursuant to Family Court Act § 315.3 for an adjournment in contemplation of dismissal, adjudicated him a juvenile delinquent and placed him on probation for a period of two years.
ORDERED that the amended order of fact-finding and disposition is affirmed, without costs or disbursements.
In this juvenile delinquency proceeding, the presentment agency alleged, inter alia, that Anthony J. (hereinafter the appellant) committed an act which, if committed by an adult, would have constituted the crime of petit larceny. The appellant admitted to committing such an act, and requested that the Family Court grant him an adjournment in contemplation of dismissal (hereinafter ACD). The court, in effect, denied this request, adjudicated the appellant a juvenile delinquent, and placed him on probation for a period of two years.
Upon the conclusion of a juvenile's dispositional hearing, the Family Court shall enter an order of disposition imposing "the least restrictive available alternative . . . which is consistent with the needs and best interests of the respondent and the need for protection of the community" (Family Ct Act § 352.2[2][a]). The dispositional alternatives include placing the juvenile on probation (see Family Ct Act § 352.2[1][b]). Alternatively, "at any time prior to the entering of a finding," the court may order an adjournment in contemplation of dismissal, which "is an adjournment of the proceeding, for a period not to exceed six months, with a view to ultimate dismissal of the petition in furtherance of justice" (Family Ct Act § 315.3[1]).
"The Family Court has broad discretion in determining whether to adjourn a proceeding in contemplation of dismissal" (Matter of Nigel H., 136 AD3d 1033, 1034 [internal quotation marks omitted]). "Although a juvenile is not entitled to an adjournment in contemplation of dismissal merely because this was his or her first brush with the law, a juvenile's particular [*2]circumstances—including his or her criminal and disciplinary history, history of drug or alcohol use, association with gang activity, academic and school attendance history, and ability to accept responsibility for his or her acts—are nevertheless relevant to a court's discretionary determination of whether or not to adjourn a proceeding in contemplation of dismissal, as are the consideration of the seriousness of the underlying offense and the extent to which the juvenile is adequately supervised by his or her parent or guardian" (Matter of Nigel H., 136 AD3d at 1034-1035 [citations and internal quotation marks omitted]). "[A]ny recommendations made in a probation or mental health report" are also relevant to the court's decision as to whether to adjourn a proceeding in contemplation of dismissal (Matter of Jonathan M., 107 AD3d 805, 807).
Here, the Family Court providently exercised its discretion by, in effect, denying the appellant's request for an ACD (see Matter of Dasean M., 170 AD3d 839; Matter of Nigel H., 136 AD3d at 1034). The court's disposition was appropriate in light of, among other things, the recommendation made in the probation report, the appellant's poor performance at school, and the appellant's struggle with accepting responsibility for his conduct (see Matter of MoQuease J.M., 173 AD3d 1032, 1032; Matter of Majesty S., 167 AD3d 629, 630).
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court