Matter of Maximo M. (2020 NY Slip Op 03428)





Matter of Maximo M.


2020 NY Slip Op 03428


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-14373
 (Docket No. D-10637-18)

[*1]In the Matter of Maximo M. (Anonymous), appellant.


Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and D. Alan Rosinus, Jr., of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Maximo M. appeals from an order of disposition of the Family Court, Queens County (Stephen Bogacz, J.), dated October 31, 2018. The order of disposition, upon an order of fact-finding of the same court dated September 17, 2018, made upon the admission of Maximo M., finding that he committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree, and upon the denial of his application pursuant to Family Court Act § 315.3 for an adjournment in contemplation of dismissal, adjudicated him a juvenile delinquent and placed him on probation for a period of 12 months.
ORDERED that the order of disposition is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the application pursuant to Family Court Act § 315.3 for an adjournment in contemplation of dismissal is granted, the juvenile delinquency adjudication and term of probation are vacated, and the matter is remitted to the Family Court, Queens County, for the entry of an order granting an adjournment in contemplation of dismissal nunc pro tunc to October 31, 2018.
This juvenile delinquency proceeding arose from an incident in which the appellant, who was 10 years old at the time, touched the vagina of the then four-year-old complainant over the complainant's clothing with his hand, while he was sitting next to her at a playground. The Family Court issued an order of fact-finding, made upon the appellant's admission, finding that he committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree. At a dispositional hearing, the appellant made an application pursuant to Family Court Act § 315.3 for an adjournment in contemplation of dismissal. The court denied the application and issued an order of disposition which adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 12 months. This appeal from the order of disposition ensued.
Despite the fact that the appellant's term of probation has already expired, this appeal has not been rendered academic because there may be collateral consequences resulting from the adjudication of delinquency (see Matter of Dasean M., 170 AD3d 839, 840; Matter of Nijuel J., 169 AD3d 681, 682).
If, upon the conclusion of a dispositional hearing, the Family Court determines that the respondent in a juvenile delinquency proceeding pursuant to Family Court Act article 3 requires supervision, treatment, or confinement, "the court shall enter a finding that such respondent is a juvenile delinquent and order an appropriate disposition pursuant to [Family Court Act] section 352.2" (Family Ct Act § 352.1[1]). However, except in limited circumstances not applicable here, the court may, at any time prior to the entering of a finding that the respondent is a juvenile delinquent, "order that the proceeding be adjourned in contemplation of dismissal.' An adjournment in contemplation of dismissal is an adjournment of the proceeding, for a period not to exceed six months, with a view to ultimate dismissal of the petition in furtherance of justice" (Family Ct Act § 315.3[1]).
" The Family Court has broad discretion in determining whether to adjourn a proceeding in contemplation of dismissal'" (Matter of Nigel H., 136 AD3d 1033, 1034, quoting Matter of Jonathan M., 107 AD3d 805, 806). Factors that are relevant to a court's discretionary determination of whether to adjourn a proceeding in contemplation of dismissal include a respondent's criminal and disciplinary history, history of drug or alcohol use, academic and school attendance record, association with gang activity, acceptance of responsibility for his or her actions, the nature of the underlying incident, recommendations made in a probation or mental health report, the degree to which the respondent's parent or guardian is involved in the respondent's home and academic life, and the ability of the parent or guardian to provide adequate supervision (see Matter of Nijuel J., 169 AD3d at 682-683).
Here, the Family Court improvidently exercised its discretion in denying the appellant's application pursuant to Family Court Act § 315.3 for an adjournment in contemplation of dismissal. Under the circumstances here, including the fact that this proceeding constituted the appellant's first contact with the court system, he took responsibility for his actions and expressed remorse, he voluntarily participated in counseling during the pendency of the proceeding, and he maintained a strong academic and school attendance record, an adjournment in contemplation of dismissal was warranted (see Family Ct Act § 315.3; Matter of Nijuel J., 169 AD3d 681; Matter of Anthony M., 47 AD3d 434).
Accordingly, we reverse the order of disposition, grant the application pursuant to Family Court Act § 315.3 for an adjournment in contemplation of dismissal, vacate the juvenile delinquency adjudication and term of probation, and remit the matter to the Family Court, Queens County, for the entry of an adjournment in contemplation of dismissal.
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court