Matter of Victor A. L.-W. (2021 NY Slip Op 04914)





Matter of Victor A. L.-W.


2021 NY Slip Op 04914


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-13635 
2019-13636
2019-13637
2019-13638
 (Docket No. D-3132-19)

[*1]In the Matter of Victor A. L.-W. (Anonymous), appellant.


Marjorie G. Adler, Garden City, NY, for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Robert F. Van der Waag and Jackie L. Gross of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Victor A. L.-W. appeals from (1) an order of disposition of the Family Court, Nassau County (Conrad D. Singer, J.), dated October 24, 2019, (2) an undated order of the same court, (3) an order of restitution of the same court dated October 24, 2019, and (4) an order of protection of the same court dated October 24, 2019. The order of disposition, upon an order of fact-finding of the same court dated August 15, 2019, made upon the admission of Victor A. L.-W., finding that he committed an act which, if committed by an adult, would have constituted the crime of criminal obstruction of breathing or blood circulation, adjudicated him a juvenile delinquent and placed him on probation for a period of 12 months. The undated order directed Victor A. L.-W. to follow certain terms and conditions while on probation for a period of 12 months. The order of restitution directed Victor A. L.-W. to pay restitution to the complainant in the amount of $255. The order of protection directed Victor A. L.-W. to stay away from the complainant until and including October 23, 2020.
ORDERED that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired (see Matter of Connor C., 188 AD3d 1040, 1040-1041); and it is further,
ORDERED that the appeals from the undated order and the order of protection are dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order of restitution is affirmed, without costs or disbursements.
The appeals from the undated order and the order of protection must be dismissed as academic because they have expired on their own terms and impose no enduring consequences on [*2]the appellant (see Matter of Connor C., 188 AD3d at 1040-1041; Matter of Noah N. [Herold N.], 184 AD3d 733, 733).
The appellant admitted to committing an act which, if committed by an adult, would have constituted the crime of criminal obstruction of breathing or blood circulation. After a dispositional hearing, the Family Court, inter alia, adjudicated the appellant a juvenile delinquent, placed him on probation for a period of 12 months, directed him to pay restitution to the complainant, and issued an order of protection.
"Upon the conclusion of a juvenile's dispositional hearing, the Family Court shall enter an order of disposition imposing 'the least restrictive available alternative . . . which is consistent with the needs and best interests of the respondent and the need for protection of the community'" (Matter of Anthony J., 183 AD3d 892, 892, quoting Family Ct Act § 352.2[2][a]). "The Family Court has broad discretion in determining the proper disposition in a juvenile delinquency proceeding" (Matter of Joshua G., 185 AD3d 924, 925).
Here, the Family Court providently exercised its discretion, among other things, in adjudicating the appellant a juvenile delinquent. The court's disposition was appropriate in light of, inter alia, the seriousness of the offense and the recommendation made in the probation report (see Matter of Anthony J., 183 AD3d at 893; Matter of Majesty S., 167 AD3d 629, 630; Matter of Tyriwali B., 106 AD3d 1082, 1083).
The appellant's remaining contention is without merit.
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court