Matter of Jean Daniel F. (2021 NY Slip Op 07295)





Matter of Jean Daniel F.


2021 NY Slip Op 07295


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2020-07768
 (Docket No. D-7064-20)

[*1]In the Matter of Jean Daniel F. (Anonymous), appellant. Janet E. Sabel, New York, NY (John A. Newbery of counsel), for appellant.


Georgia M. Pestana, Corporation Counsel, New York, NY (Jane L. Gordon and Jessica Miller of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jean Daniel F. appeals from an order of disposition of the Family Court, Kings County, (Susan Quirk, J.), dated September 22, 2020. The order of disposition, upon an order of fact-finding of the same court dated August 10, 2020, made upon the admission of Jean Daniel F., finding that he committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree, adjudicated him a juvenile delinquent and placed him on probation for a period of 12 months.
ORDERED that the appeal from so much of the order of disposition as placed Jean Daniel F. on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appellant admitted to committing an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree and requested that the Family Court grant him an adjournment in contemplation of dismissal. The court, in effect, denied his request, adjudicated the appellant a juvenile delinquent, and placed him on probation for a period of 12 months.
Despite the fact that the appellant's period of probation has already expired, there may be collateral consequences resulting from the adjudication of delinquency and, therefore, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic (see Matter of Ernest S.C., 196 AD3d 565, 566; Matter of Maximo M., 184 AD3d 780, 781; Matter of Dasean M., 170 AD3d 839, 840).
"The Family Court has broad discretion in determining whether to adjourn a proceeding in contemplation of dismissal" (Matter of Nigel H., 136 AD3d 1033, 1034 [internal quotation marks omitted]; see Matter of Anthony J., 183 AD3d 892, 893; Matter of Josue M., 177 AD3d 745, 746). Here, contrary to the appellant's contention, the Family Court providently exercised its discretion in adjudicating him a juvenile delinquent and placing him on probation for [*2]a period of 12 months instead of granting his request for an adjournment in contemplation of dismissal (see Matter of Josue M., 177 AD3d at 746).
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court