Matter of Jaron D. (2022 NY Slip Op 02792)

Matter of Jaron D.

2022 NY Slip Op 02792

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2020-08254
 (Docket No. D-27290-19)

[*1]In the Matter of Jaron D. (Anonymous), appellant.

Janet E. Sabel, New York, NY (Dawne A. Mitchell and Raymond E. Rogers) for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Eva L. Jerome of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jaron D. appeals from an order of disposition of the Family Court, Kings County (Susan Quirk, J.), dated August 12, 2020. The order of disposition, upon an order of fact-finding of the same court dated November 25, 2019, made upon Jaron D.'s admission, finding that he committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree, adjudicated the appellant to be a juvenile delinquent and placed him on probation for a period of 12 months.
ORDERED that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In this juvenile delinquency proceeding, the Family Court issued an order of fact-finding, made upon the appellant's admission, finding that he had committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree. At the dispositional hearing, the appellant requested an adjournment in contemplation of dismissal pursuant to Family Court Act § 315.3(1). The Family Court, in effect, denied the request. In an order of disposition dated August 12, 2020, the court adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 12 months.
The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months must be dismissed as academic, as the period of probation has expired (see Matter of Majesty S., 167 AD3d 629, 629; Matter of Dzahiah W., 152 AD3d 612, 613). However, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic as there may be collateral consequences resulting from the adjudication of delinquency (see Matter of Dzahiah W., 152 AD3d at 613; Matter of Kieron C., 140 AD3d 1160, 1161).
Contrary to the appellant's contention, the Family Court providently exercised its [*2]discretion in adjudicating him a juvenile delinquent and placing him on probation instead of granting his request for an adjournment in contemplation of dismissal (see Family Ct Act §§ 315.3, 352.1, 352.2; Matter of Gregory R., 161 AD3d 1168, 1169; Matter of Sheala H., 156 AD3d 882, 883). The Family Court has broad discretion in determining the disposition in a juvenile delinquency case (see Family Ct Act § 141; see Matter of Anthony J., 183 AD3d 892, 893; Matter of Nigel H., 136 AD3d 1033, 1034), and the appellant was not entitled to an adjournment in contemplation of dismissal merely because the instant offense was his first encounter with the law, or in light of the other mitigating factors that he cites (see Matter of Majesty S., 167 AD3d at 630; Matter of Sheala H., 156 AD3d at 883). The disposition was appropriate in light of, among other things, the serious and violent nature of the offense, which involved the use of a weapon, as well as the appellant's school disciplinary history, the recommendations of the Department of Probation and the Family Court Mental Health Services, and the appellant's lack of expressed remorse (see Matter of Gregory R., 161 AD3d at 1169; Matter of Sheala H., 156 AD3d at 883).
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court