Matter of Ayla W. (2023 NY Slip Op 03796)

Matter of Ayla W.

2023 NY Slip Op 03796

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-07094
 (Docket No. D-2595-22)

[*1]In the Matter of Ayla W. (Anonymous), appellant.

Twyla Carter, New York, NY (John A. Newbery of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Amanda Abata of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Ayla W. appeals from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated August 18, 2022. The order of disposition, upon an order of fact-finding dated July 5, 2022, made upon the admission of Ayla W., finding that she committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the second degree, and after a dispositional hearing, adjudicated her a juvenile delinquent and placed her on probation for a period of 12 months.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In this juvenile delinquency proceeding, the Family Court issued an order of fact-finding, made upon the appellant's admission, finding that she committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the second degree. After a dispositional hearing, the court issued an order of disposition which adjudicated the appellant a juvenile delinquent and placed her on probation for a period of 12 months.
The Family Court has broad discretion in determining the proper disposition in a juvenile delinquency proceeding (see Family Ct Act § 141; Matter of Yaakov K., 162 AD3d 1028, 1028), and its determination is accorded great deference (see Matter of Shalar N., 162 AD3d 882, 883).
Contrary to the appellant's contention, the Family Court providently exercised its discretion in placing her on probation instead of granting her request for an adjournment in contemplation of dismissal (see Family Ct Act §§ 315.3, 352.1, 352.2; Matter of Jaron D., 204 AD3d 999, 1000). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was her first encounter with the law, or in light of other mitigating circumstances that she cites (see Matter of Jaron D., 204 AD3d at 1000; Matter of Sheala H., 156 AD3d 882, 883). The disposition was appropriate in light of, among other things, the serious and violent nature of the offense, which involved the use of a weapon, as well as the recommendation of the Department of Probation (see Matter of Jaron D., 204 AD3d at 1000; Matter of Gregory R., 161 AD3d 1168, 1169).
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court