Matter of Shenyu Z. (2025 NY Slip Op 00326)

Matter of Shenyu Z.

2025 NY Slip Op 00326

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2022-00636
 (Docket No. D-3622-21)

[*1]In the Matter of Shenyu Z. (Anonymous), appellant.

Barry J. Fisher, Williston Park, NY, for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Ian Bergström of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Shenyu Z. appeals from an order of disposition of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated January 14, 2022. The order of disposition, upon an order of fact-finding of the same court dated October 22, 2021, finding that Shenyu Z. committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the third degree, sexual misconduct, and sexual abuse in the third degree, adjudicated him a juvenile delinquent and placed him on probation for a period of 12 months.
ORDERED that the appeal from so much of the order of disposition as placed Shenyu Z. on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In this juvenile delinquency proceeding, the Family Court found, after a fact-finding hearing, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the third degree, sexual misconduct, and sexual abuse in the third degree, adjudicated him a juvenile delinquent, and placed him on probation for a period of 12 months.
The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months must be dismissed as academic, as the period of probation has expired (see Matter of Tyzay P.-B., 229 AD3d 632, 632). However, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic, as there may be collateral consequences resulting from the adjudication of delinquency (see Matter of Jean Daniel F., 200 AD3d 996, 997).
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792; Matter of Edwin B., 223 AD3d 903), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if [*2]committed by an adult, would have constituted the crimes of criminal sexual act in the third degree (Penal Law former § 130.40[3]), sexual misconduct (id. § 130.20[2]), and sexual abuse in the third degree (id. § 130.55).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Ernest S.C., 196 AD3d 565). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination that the appellant committed acts which, if committed by an adult, would have constituted the crimes of crimes of criminal sexual act in the third degree, sexual misconduct, and sexual abuse in the third degree was not against the weight of the evidence. Contrary to the appellant's contention, the complainant clearly testified that she told the appellant on multiple occasions that she did not want to engage in the complained-of sexual acts with the appellant (see Penal Law § 130.05[2][c], [d]).
The appellant's remaining contentions are either academic or without merit (see Matter of Maximo M., 184 AD3d 780, 782; Matter of Justin D., 114 AD3d 941, 943).
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court