Matter of Javis C.
2026 NY Slip Op 03793
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Javis C. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-05664, (Docket Nos. D-682-25, D-793-25)
Lara J. Genovesi, J.P.
Barry E. Warhit
Donna-Marie E. Golia
Phillip Hom, JJ.

Kenneth M. Tuccillo, Irvington, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondent.

[*1]
DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Javis C. appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Sharon Matthie, J.), dated March 24, 2025. The order of fact-finding and disposition, made upon the admission of Javis C., finding that he committed an act which, if committed by an adult, would have constituted the crime of attempted grand larceny in the fourth degree, and after a dispositional hearing, adjudicated him a juvenile delinquent and placed him in the custody of the Westchester County Department of Social Services for placement in a non-secure facility for a period of 12 months, less time spent in detention pending disposition.
ORDERED that the appeal from so much of the order of fact-finding and disposition as placed Javis C. in the custody of the Westchester County Department of Social Services for placement in a non-secure facility for a period of 12 months, less time spent in detention pending disposition is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of fact-finding and disposition as placed the appellant in the custody of the Westchester County Department of Social Services for placement in a non-secure facility for a period of 12 months, less time spent in detention pending disposition has been rendered academic, as the period of placement has expired (see Matter of Jurell F., 195 AD3d 825, 825; Matter of Kevin A.H., 188 AD3d 1058, 1058). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of fact-finding and disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic (see Family Ct Act § 783; Matter of Kevin A.H., 188 AD3d at 1058).
The appellant admitted to committing an act which, if committed by an adult, would have constituted the crime of attempted grand larceny in the fourth degree. After a dispositional hearing, the Family Court, inter alia, adjudicated the appellant a juvenile delinquent and placed him in the custody of the Westchester County Department of Social Services for placement in a non-secure facility for a period of 12 months, less time spent in detention pending disposition.
The Family Court has broad discretion in determining the appropriate disposition in a juvenile delinquency proceeding, and its determination is accorded great deference (see Family Ct Act § 141; Matter of Adam D., 226 AD3d 777, 778). Contrary to the appellant's contention, the Family Court providently exercised its discretion in adjudicating him a juvenile delinquent and placing him in a non-secure facility instead of directing an adjournment in contemplation of dismissal (see Family Ct Act §§ 315.3, 352.1, 352.2; Matter of Jaron D., 204 AD3d 999, 1000). The disposition was appropriate in light of, among other things, the appellant's previous violations of the conditions of probation, his poor school attendance record, his need for increased supervision, and reports prepared by the probation department, a psychiatrist, and a psychologist (see Matter of Anthony J., 183 AD3d 892, 893; Matter of Jahiem J., 155 AD3d 1037, 1038; cf. Matter of Nijuel J., 169 AD3d 681, 683).
Furthermore, contrary to the appellant's contention, he is not entitled to dismissal of the petition in the furtherance of justice (see Family Ct Act § 315.2; Matter of John M.P., 54 AD3d 1041, 1042; cf. Matter of Steven C., 93 AD3d 91, 95-97).
The appellant's contention that the Family Court should have substituted a person in need of supervision adjudication for the juvenile delinquency adjudication is not properly before this Court (see Family Ct Act § 311.4[2]; Matter of Jovan B., 151 AD3d 842, 842).
GENOVESI, J.P., WARHIT, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court